Bronson, J.
 

 In all cases where an attachment issues from a justice's court, it is the duty of the constable to attach the goods of the defendant, make an inventory of the property seized, and serve a copy of the attachment and inventory on the defendant personally, if he can be found in the county. If he cannot be found in the county, the copy must be left at his last place of residence; or if he have no place of residence in the county, with the person in whose possession the goods are found: and the return of the officer must “ state specifically whether such copy was or was not personally served upon the defendant.” (2
 
 R. S.
 
 231, § 31;
 
 Stat.
 
 1831, p. 404, § 36.) In this case the constable made no return whatever in relation to Pierce; and as he did not appear, I think the justice had no authority to proceed a&a render judgment.
 

 The attachment was returnable in three days, and must, therefore, have been issued under the 33d section of the non-imprisonment act;
 
 (Stat.
 
 1831.
 
 p.
 
 403;) and the justice should either have dismissed the proceeding, or issued a summons. (§ 38.) It is not necessary to determine which should have been done : it. is enough for the present to say, that the justice proceeded without authority.
 

 The party suing in a justice’s court may proceed to judgment
 
 *113
 
 against joint debtors when the process has been served upon only one of them; (2
 
 R. S.
 
 247, § 122;) but this cannot be done without a legal return upon the process; and there was no such return in this case.
 

 It is said that the party not served with process has no interest in the matter; for as against him the judgment is evidence only of the extent of the demand, after his liability has been established by other evidence. (2
 
 R. S.
 
 247, § 123.) But if the judgment proves any thing against him, he is injured by the irregular proceedings. And besides, in the case of an attachment, his property, or property in which he has a joint interest with the other defendant, may have been seized; and he ought to have such notice of the proceeding as the statute requires, to the end that he may appear and defend his rights.
 

 I am of opinion that the supreme court was right in reversing the judgment, and that their judgment should be affirmed.
 

 Judgment affirmed.